1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>                                         Plaintiff,<br><br>        vs.<br><br>E. DUESLER (4235), CPT. PEREZ,<br>SGT. YODER (1451), WILLIAM<br>KOLENDER, AND 25 UNKNOWN<br>POLICE OFFICERS,<br><br>                                         Defendants. | CASE NO. 05cv2003 BTM(CAB)<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR PARTIAL<br>JUDGMENT ON THE PLEADINGS<br>AND GRANTING MOTION FOR<br>PARTIAL SUMMARY JUDGMENT** |

Defendants have filed a motion for partial judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) and a motion for partial summary judgment pursuant to Fed. R. Civ. P. 56(c).  For the reasons discussed below, Defendants' motions for partial judgment on the pleadings and Defendants' motion for partial summary judgment are **GRANTED**.

## I.  PERTINENT FACTS

This case arises out of the November 29, 2004 arrest of Plaintiff.  On that day, Deputy Duesler and Deputy Perez, both with the Sheriff's Department, came into contact with Plaintiff while investigating a report of a van illegally camped on Graves Avenue and surrounding streets.  (Duesler Decl., ¶ 2.)  Plaintiff admitted that he was living in the van, and

1    Deputy Duesler arrested Plaintiff for violating California Penal Code § 647(j).  Duesler then

2    placed Plaintiff inside a vehicle.  (Plaintiff's Response to Motion, ¶ 8.)

3        Subsequently, Duesler, either alone or with Perez, searched the inside of Plaintiff's

4    van.  (Duesler Decl., ¶ 2; Plaintiff's Response, ¶ 9.)  The search revealed a loaded Mossberg

5    12 gauge shotgun and a loaded Dawoo 40 caliber semi-automatic handgun and extra

6    ammunition for each.  (Duesler Decl., ¶ 3.)  According to Duesler, a records check revealed

7    that Plaintiff was not the registered owner of the guns.  Accordingly, Plaintiff was also

8    charged with violating California Penal Code § 12031(a)(2)(F) (carrying a loaded firearm in

9    a vehicle when not the DOJ registered owner).  (Duesler Decl., ¶ 4.)

10       Duesler had Plaintiff's van towed to Fletcher Hills Towing/RoadOne San Diego.

11   Plaintiff was transported to the Santee Sheriff's Station where Duesler and Perez logged the

12   weapons and ammunition seized from the van.  (Duesler Decl., ¶ 6.)  Plaintiff was

13   subsequently transported to the San Diego Central Jail where he was booked.  (Id.)

14       On December 1, 2004, Plaintiff, who was represented by the Public Defender's Office,

15   entered a plea of guilty to violating California Penal Code § 12031.  (Def.'s Exh. B.)  Superior

16   Court Judge Richard S. Whitney imposed a sentence and also ordered that the seized

17   weapons be destroyed.  (Def's Exh. C.)

18       In his Complaint, Plaintiff alleges that he was falsely arrested.  Plaintiff claims that the

19   arrest was the result of a false report by officers who are defendants in another civil rights

20   litigation filed by Plaintiff, Bailey v. Gaylon Sells, et al.  (Complaint, ¶ 11.)  Plaintiff also claims

21   that he was the victim of "sexual assault" and "battery" during the course of the arrest.

22   (Complaint, ¶ 6.)  Further, Plaintiff claims that he was improperly deprived of his vehicle, his

23   firearms, and ammunition.  (Id.)  Plaintiff alleges that Deputies Duesler and Perez also

24   destroyed the video recorder inside his vehicle, vandalized the inside of the vehicle,

25   destroyed the vehicle battery, and damaged the vehicle transmission from improper towing.

26   (Id.)

27   ///

28   ///

## II. <u>STANDARD</u>

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." <u>Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989).  All allegations of fact by the party opposing the motion are accepted as true, and construed in the light most favorable to that party.  <u>General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church</u>, 887 F.2d 228, 230 (9th Cir. 1989).

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  A fact is material when, under the governing substantive law, it could affect the outcome of the case.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Freeman v. Arpaio</u>, 125 F.3d 732, 735 (9th Cir. 1997).  A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party.  <u>Anderson</u>, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  <u>Celotex</u>, 477 U.S. at 323.  The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial.  <u>Id.</u> at 322-23.  "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment."  <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains.  <u>Celotex</u>, 477 U.S. at 314.  The nonmoving party cannot oppose a

1  properly supported summary judgment motion by "rest[ing] on mere allegations or denials

2  of his pleadings." <u>Anderson</u>, 477 U.S. at 256.  When ruling on a summary judgment motion,

3  the court must view all inferences drawn from the underlying facts in the light most favorable

4  to the nonmoving party.    <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574,

5  587 (1986).

6

7                                       **III.  <u>DISCUSSION</u>**

8          In his Complaint, Plaintiff asserts the following causes of action: (1) <u>Monell</u> liability

9  under 42 U.S.C. § 1983; (2) false arrest and assault under 42 U.S.C. § 1983; (3) conspiracy

10 under 42 U.S.C. § 1985; (4) conspiracy in violation of 42 U.S.C. § 1986(c); (5) excessive

11 force against property under 42 U.S.C. § 1983; (6) violation of the California Constitution

12 (Cal. Civ. Code § 52.1); (7) intentional infliction of emotional distress; and (8) respondeat

13 superior liability of the Sheriff's Department under various sections of the California

14 Government Code.

15         Defendants seek partial judgment on the pleadings as to the § 1985 and § 1986

16 causes of action.  Defendants seek summary judgment on the remaining claims.  For the

17 reasons discussed below, Defendants' motion for partial judgment on the pleadings and

18 motion for partial summary judgment are **GRANTED**.

19

20 A.     <u>Motion for Partial Judgment on the Pleadings</u>

21         Defendants contend that they are entitled to judgment as a matter of law on Plaintiff's

22 claims under 42 U.S.C. §§ 1985 and 1986.  The Court agrees.

23         It appears that Plaintiff is suing under the first clause of § 1985(3), which provides a

24 cause of action where "two or more persons in any State or Territory conspire or go in

25 disguise on the highway or on the premises of another, for the purpose of depriving, either

26 directly or indirectly, any person or class of persons of the equal protection of the laws, or of

27 equal privileges and immunities under the laws." Racial or some other class-based animus

28 ///

                                                    4                           05cv2003 BTM(CAB)

1    is an essential requirement of a claim under the first clause of § 1985(3).  <u>Griffin v</u>

2    <u>Breckenridge</u>, 403 U.S. 88 (1971).  "To establish racial or class-based animus, a plaintiff

3    must show 'invidiously discriminatory motivation . . . behind the conspirators' action.'"  <u>Usher</u>

4    <u>v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987) (quoting <u>Griffin</u>, 403 U.S. at 102).

5         Plaintiff does not allege that Defendants acted out of racial or other class-based

6    animus but, rather, claims that Defendants conspired to retaliate against him for a civil rights

7    lawsuit he filed against other officers.  Even if Defendants targeted Plaintiff as a result of his

8    past legal activity, Plaintiff would not be able to satisfy the requirement of class-based

9    invidious discrimination.

10        Accordingly, Defendants are entitled to judgment on the pleadings on Plaintiff's

11   section 1985 claim.  For the same reasons, the Court also grants judgment in favor of

12   Defendants on Plaintiff's section 1986 claim.  <u>See</u> <u>Karim-Panahi v. Los Angeles Police Dept.</u>,

13   839 F.2d 621, 626 (9th Cir. 1988) (explaining that a claim can be stated under section 1986

14   only if the complaint contains a valid claim under section 1985).

15

16   B.    <u>Summary Judgment</u>

17

18        1.  <u>42 U.S.C. § 1983 Claims</u>

19        Plaintiff alleges that Defendants violated his Fourth Amendment rights by falsely

20   arresting him, "assaulting" him, unlawfully seizing his property, and damaging his property.

21   Defendants are entitled to summary judgment on all of these claims.

22        Plaintiff's claim that he was falsely arrested for violating Cal. Penal Code §

23   12031(a)(2)(F) (carrying a loaded firearm when not the registered owner) is barred by <u>Heck</u>

24   <u>v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Heck</u>, the Supreme Court held that a section 1983

25   claim must be dismissed if a judgment in favor of the plaintiff would necessarily "imply the

26   invalidity of his conviction or sentence" and the conviction has not been reversed, expunged,

27   ///

28   ///

1    or called into question by issuance of a writ of habeas corpus. Id. at 486-87.

2          Plaintiff entered a plea of guilty to violating Cal. Penal Code § 12031.  His allegation

3    that Defendants lacked probable cause for arresting him would necessarily imply that his

4    conviction was invalid.  See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir.

5    1998).   Plaintiff has not established that his conviction has been invalidated, therefore,

6    Plaintiff cannot pursue this claim.

7          Similarly, Plaintiff's claim that Defendants lacked probable cause for his initial arrest

8    (for illegal lodging in a vehicle) is barred by Heck.  Defendants found the weapons only

9    because they were searching the vehicle incident to Plaintiff's arrest for illegal lodging in a

10    vehicle.  If Defendants lacked probable cause for the initial arrest, the search was invalid,

11    and his conviction would be based upon fruits of an illegal search.  See Hudson v. Hughes,

12    98 F.3d 868 (5th Cir. 1996) (holding that Heck barred the plaintiff's false arrest claim because

13    if his arrest was invalid, the firearm discovered in his possession as a result of the arrest

14    would be subject to suppression, thus implying the invalidity of his conviction for possession

15    of a firearm).

16          In his Complaint, Plaintiff claims that he was the victim of "sexual assault."  In his

17    verified response to Defendants' motion, Plaintiff states that Duesler, upon arresting Plaintiff

18    for living out of his van, "search[ed] the body cavities" of Plaintiff.  (Response, ¶ 7.)  However,

19    Plaintiff's verified response contradicts his earlier interrogatory response.   Defendants

20    propounded the following interrogatory: "State *all facts* in support of YOUR allegation that

21    Corporal Perez and Deputy Duesler sexually assaulted YOU, as alleged in paragraph VI of

22    your complaint."  (Interrogatory One, Def.'s Exh. G) (emphasis added.)  Plaintiff responded:

23          PLAINTIFF Bailey, was on the date of November 29, 2004 repairing his vehicle
            at the location of approximately 1771 Graves Street in the City of El Cajon

24          when Cpt. Perez attempted to enter the interior of Plaintiff's vehicle via the
            passenger sliding door.  Plaintiff attempted to prevent the Corporal from

25          criminal trespass buy [sic] closing the sliding passenger door.  As the door
            closed, Corporal Perez made a pelvis thrust against the Plaintiff's right arm.

26          Then Deputy Duesler grabbed Plaintiff from behind and pulled the Plaintiff's
            hands behind the back and then ran his (Duesler) hand over, feeling the penis

27          of Plaintiff."

28    (Id.)

In his interrogatory response, Plaintiff says nothing about a body cavity search. Instead, Plaintiff describes an attempt by Perez to stop Plaintiff from closing the sliding door and a pat-down search by Duesler.  This evidence is insufficient to allow a rational finder of fact to find that Duesler and/or Perez sexually assaulted Plaintiff.

The Court finds that Plaintiff's more recent assertion that Duesler conducted a body cavity search at the time of arrest is a "sham," designed to avoid summary judgment.  See School District No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1264 (9th Cir. 1993) (explaining that a district court may disregard a "sham" affidavit which conflicts with prior interrogatory responses if the district court makes a finding of fact that the affidavit was a "sham.").  Plaintiff provides no explanation for the new allegations, and the Court has no reason to believe that the discrepancy was the result of a mistake or newly discovered evidence.  Therefore, the Court disregards Plaintiff's assertion that Duesler subjected him to a body cavity search and finds that Defendants are entitled to summary judgment on Plaintiff's sexual assault claim.

Plaintiff also claims that Defendants unlawfully seized his property – i.e., his vehicle, his weapons, and ammunition.  As for the vehicle, Cal. Vehicle Code § 22651(h)(1) (incorrectly cited as § 26651(h) by Defendants) provides that any peace officer may remove a vehicle when the officer arrests any person driving or in control of a vehicle for an alleged offense and the officer takes the person into custody.  Seizure of the weapons and the ammunition inside them cannot be challenged because the illegal search and seizure of these items would imply the invalidity of Plaintiff's conviction.  Harvey v. Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000) (holding that "a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned.")

In his Response, Plaintiff argues that Defendants had no authority for taking the ammunition (presumably the ammunition not loaded in the weapons).  The Court rejects this argument.  The ammunition was pertinent evidence.  Furthermore, for safety reasons, Defendants would not want to leave live ammunition lying around the vehicle.

7

1    Plaintiff complains that he did not receive a receipt for the vehicle, firearms, and his

2    personal property (wallet and identification).  However, the failure to provide a receipt does

3    not rise to the level of a constitutional violation.

4    Plaintiff also alleges that "excessive force" was used against his property.  He claims

5    that Defendants destroyed his vehicle's battery and destroyed the transmission.

6    Furthermore, he claims that Defendants vandalized the interior of the vehicle, destroying the

7    video recorder inside.  According to Plaintiff, "Duesler and Perez destroy locks, ransack and

8    then rob the contents of the locked drawers, also they deliberately and wantonly deliver

9    portions of glue into the electronic equipment of [Plaintiff] . . . ."  (Response, ¶ 10.)

10   To the extent that Plaintiff alleges that Defendants vandalized the interior of his vehicle

11   *during the search* incident to arrest, Plaintiff may be able to assert a Fourth Amendment

12   violation.  In Chuman v. Wright, 76 F.3d 292, 293 (9th Cir. 1996), the Ninth Circuit recognized

13   that the use of excessive force in the execution of a valid search warrant may violate the

14   Fourth Amendment.

15   However, Deputy Duesler denies that he or Perez damaged the vehicle, vandalized

16   the interior of the van, or destroyed the video recorder in the van.  (Duesler Decl., ¶ 7.)

17   Although Plaintiff declares that Duesler and Perez vandalized the interior of his vehicle,

18   including electronic equipment, Plaintiff has not established that he has personal knowledge

19   of this.

20   In his discovery responses, Plaintiff admitted that he did not see Duesler or Perez

21   destroy his video recorder or vandalize his vehicle.  (Def.'s Exh. H.)  In response to the

22   interrogatory asking him to state all facts in support of his allegation that Perez and Duesler

23   vandalized the interior of his vehicle, Plaintiff stated, "Unknown employees of the owner of

24   Fletcher Hills Towing, confessions of Defendants, also the photographs take[n] at the time

25   of the INCIDENT by the Defendants Duesler and Perez."  (Def.'s Exh. G.)

26   Plaintiff does not provide any details about who confessed and what was said.

27   Duesler denies ever making a confession that he used excessive force.  (Duesler Decl., ¶

28   8.)  Plaintiff has also failed to submit the alleged photographs to the Court.  Accordingly, the

Court finds that Plaintiff has failed to raise a genuine issue of material fact with respect to his excessive force claim.[1]

Plaintiff sues Sergeant Yoder as an individual, claiming that Yoder directed and approved of Perez and Duesler's actions. (Complaint, ¶ 6.) However, as discussed above, Plaintiff has not shown that Perez and/or Duesler violated any of his constitutional rights. Moreover, there is no respondeat superior liability under section 1983. Monell, 436 U.S. at 691. To the extent that Plaintiff is suing Sheriff Kolender in his individual capacity, Plaintiff's claims against Kolender fail for the same reasons.

Plaintiff asserts a Monell claim. However, the County of San Diego is not a defendant in this action. To the extent that Plaintiff intended to sue Kolender in his official capacity, Plaintiff failed to serve the County with process as required by Gov't Code §§ 960, et seq. (Request for Judicial Notice, ¶ 4.) Plaintiff's Monell claim also fails because Plaintiff has not established an underlying constitutional violation. Furthermore, Plaintiff has not produced any evidence that the County had a policy or custom of allowing Fourth Amendment violations (particularly unreasonable searches).

The Court grants summary judgment in favor of Defendants on all of the federal claims.

2. State Claims

In addition to federal claims, Plaintiff brings a claim for intentional infliction of emotional distress, a claim under Civil Code § 52.1 for violation of his rights under the California Constitution, and a claim for respondeat superior liability. Plaintiff's state claims are barred because Plaintiff failed to comply with the filing requirements of the California Tort

_____

[1] To the extent that Plaintiff claims that Defendants damaged his property subsequent to the search (e.g., by towing his vehicle improperly), Plaintiff's claim is outside the scope of the Fourth Amendment and is a tort claim that is subject to the requirements of the California Tort Claims Act.

1  Claims Act ("CTCA").[2]

2      Before filing suit against a public agency for money or damages due to the death or

3  injury of a person, the injured party must first file a claim with the appropriate public entity

4  within six months after the accrual of the cause of action.  Cal. Gov't Code § 911.2.  If a claim

5  is rejected as untimely, the claimant may file a written application with the public entity for

6  leave to present the claim.  Cal. Gov't Code § 911.4.  The application to present a late claim

7  must be filed within a reasonable time not to exceed one year after the accrual of the cause

8  of action.  Id.   If leave to present a late claim is denied, the claimant may petition the

9  appropriate court (the court that would be proper for the trial of the cause of action to which

10  the claim relates) for an order relieving the claimant from the CTCA's requirements.  Cal.

11  Gov't Code § 946.6.

12      On June 6, 2005, Plaintiff filed a claim with the County.  (Def.'s Exh. D.)  On June 9,

13  2005, the claim was rejected as untimely because it was filed more than six months after the

14  date of his arrest.  (Def.'s Exh. E.)  Plaintiff never submitted an application for leave to

15  present a late claim.  (Brown Decl., ¶ 5.)

16      When an application for leave to file a late claim is filed more than one year after the

17  accrual of the cause of action, the court is without jurisdiction to grant relief under section §

18  946.6.  Greyhound Lines, Inc. v. County of Santa Clara, 187 Cal. App. 3d 480, 488 (1986).

19  More than a year has passed since the accrual of Plaintiff's causes of action.

20      The Court is unable to hear Plaintiff's state claims due to his failure to comply with the

21  CTCA's filing requirements.  Therefore, the Court dismisses these claims with prejudice.

22

23                          **IV.  CONCLUSION**

24      For the reasons discussed above, Defendants' Motion for Partial Judgment on the

25  Pleadings is **GRANTED** as to Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 and

26  Defendant's Motion for Partial Summary Judgment is **GRANTED**  as to the § 1983 claims

27  ─────────────────

28      [2] See Gatto v. County of Sonoma, 98 Cal. App. 4th 744 (2002) (holding that CTCA
requirements apply to actions under Civil Code § 52.1).

                          10

1   against Defendants.  The Court **DISMISSES** Plaintiff's state law claims with prejudice.  The

2   Clerk shall enter final judgment accordingly.

3

4   **IT IS SO ORDERED.**

5

    DATED:  November 28, 2006

6

7                                                    Hon. Barry Ted Moskowitz
8                                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05cv2003 BTM(CAB)